IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § § | |
| v. | § § | Case No. 2:12-CV-570-JRG-RSP |
| ADOBE SYSTEMS INCORPORATED | § | |

**MEMORANDUM ORDER**

Currently before the Court is Adobe Systems Incorporated's Motion to Disqualify Plaintiff's Counsel (Dkt. No. 34), filed on January 16, 2013. The matter came on for hearing on July 12, 2013. For the reasons assigned in Open Court and summarized herein, the Motion is GRANTED as to Marc A. Fenster and the Russ August & Kabat law firm ("RAK"), but is withdrawn as to the Spangler & Fussell law firm, and is declared moot as to the Ni Law Firm due to its withdrawal from the case.

It is undisputed that RAK, the current lead counsel for TQP, represented Adobe in a series of matters between 2006 and 2012 involving the issuance of opinion letters concerning whether Adobe products infringed certain patents. The last of these engagements, herein referred to as the "Manufacturers"[1] matter, commenced in 2010 with an analysis of certain patents owned by Manufacturers and whether they were infringed by Adobe products. According to the Declaration of Nicholas Martini (Dkt. No. 34-4), these opinions were updated and revised several times through December 2011 (requiring about 112 hours of RAK attorney time) as additional patents were obtained by Manufacturers and additional information was

---

[1] This fictitious name is drawn from the opinion of Judge Andrews in a Delaware case granting a nearly identical motion to disqualify RAK from a case against Adobe on behalf of a different plaintiff, which was filed the month before this case. *Parallel Iron, LLC v. Adobe Systems Incorporated,* Civil Action No. 12-874-RGA (D. Del., March 4, 2013).

received by Adobe. The last services by RAK on this matter were provided by Marc Fenster of RAK during a February 6, 2012 conference call with two of Adobe's inside counsel and a Senior Vice President. Mr. Fenster declares that he asked during this call whether Adobe needed any further work on this matter and he was told they did not. The Adobe declarants do not recall this exchange. Both sides agree that there were no further communications regarding the matter before Mr. Fenster and RAK undertook to represent TQP in this matter several months later.

This suit was filed on August 31, 2012, but RAK estimates[2] that they undertook the pre-suit investigation no earlier than August 1, 2012. By that time, the Delaware case had been filed against Adobe on July 12, 2012, but Adobe did not learn of RAK's involvement in that case until RAK filed a motion to appear *pro hac vice* on August 13, 2012. Thus, Adobe had received no notice of RAK's termination of the attorney-client relationship until after RAK had undertaken the adverse representation of TQP.

The primary basis of the motion is that RAK breached Rule 1.7(a) of the Model Rules of Professional Conduct of the American Bar Association. As the Fifth Circuit made clear in *In re Dresser Industries, Inc.*, 972 F.2d 540, 544 (5th Cir. 1992), lawyers practicing in the federal courts of this Circuit are governed by both the Model Rules and those of the forum state. Rule 1.7(a) provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if ... the representation of one client will be directly adverse to another client."

As Texas Rule of Professional Conduct 1.15 ("Declining or Terminating Representation") states: "Upon termination of representation, a lawyer shall take steps ... such as

---

[2] It is surprising and disheartening that RAK appeared at the hearing without having reviewed its own records to determine when it began its representation of TQP in this case, which is at the heart of this issue. The Court can only assume that the estimate of August 1 is at least as favorable to RAK as the actual date.

giving reasonable notice to the client ... ." It is well established that "an attorney-client relationship may arise by implication if the lawyer knows a person reasonably expects him to provide legal services but does nothing to correct that misapprehension." *Valls v. Johanson & Fairless, L.L.P.,* 314 S.W.3d 624, 634 (Tex.App.–Houston, June 3, 2010). If it can arise in that fashion, an existing attorney-client relationship can definitely continue by implication. Counsel for RAK was unable to articulate at the hearing any basis to suggest that Adobe would not have expected to continue to use RAK's legal services to evaluate the further developments in the Manufacturers matter, as those developments are shown in the Martini Declarations to have played out after the February 2012 telephone conference. The Court finds that Adobe had a reasonable expectation that RAK would continue to act as its lawyer in the Manufacturers matter and that RAK failed to give Adobe reasonable notice to the contrary before undertaking the adverse representation of TQP in this matter.

Having found that Adobe was still a client at the time RAK undertook the adverse representation, it is not necessary to determine whether the two matters (the Manufacturers matter and this case) are "substantially related." That question only presents itself if Adobe is considered a former client at the time that RAK undertook the TQP representation in this case. *See* ABA Model Rule 1.9 and Texas Rule 1.09. Suffice it to say that counsel should always interpret this term broadly in considering their duty to a former client, and the Court considers it to be a very close call in this case.

For the foregoing reasons, the Motion for Disqualification is GRANTED and Marc A. Fenster and the Russ August & Kabat law firm are hereby disqualified from representation of the Plaintiff in this matter.

IT IS FURTHER ORDERED that local counsel for Plaintiff meet and confer with Defendant's counsel and report to the Court within 30 days on the manner in which the lead counsel role for Plaintiff will be handled in this case. If no agreement is reached, counsel should request a Status Conference with the undersigned.

**SIGNED this 13th day of July, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE